I respectfully dissent with the majority's ruling reversing summary judgment as granted by the trial court, as there are no genuine issues of material fact that would preclude summary judgment from being granted.
As the majority has correctly noted in its opinion, in order to demonstrate a prima facie case of an intentional tort by an employer, an employee must prove:
 (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation;
 (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and
 (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task.
Fyffe v. Jeno's Inc. (1991), 59 Ohio St.3d 115, paragraph one of the syllabus. Assuming, without deciding, that Appellant was able to successfully show that there were questions of material fact with regard to the first two factors, summary judgment was still properly granted in light of the fact that Appellant cannot show that he has met the third requirement. In fact, the majority specifically noted in their statement of the facts that Appellant was ordered to leave the area in which he was working and it was his disobedience of this order which led Goss to spray the paint at his feet. There is absolutely no evidence that the employer required Appellant to continue painting the area over the energized potheads while standing on the wet paint. Therefore, since Appellant has not shown that there was a question of material fact as to whether he was to continue to perform a dangerous task, summary judgment was properly granted. For the foregoing reasons, I respectfully dissent.